IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**JERRELLE WILLIAMS**, *Individually, and on behalf of himself and others similarly situated current and former employees*,

    Plaintiff,

v.                                                                                      NO. 2:24-cv-2190

**MANPOWER US INC.**, d/b/a **EXPERIS US, INC.**, and **FIRST-CITIZENS BANK & TRUST COMPANY**

                                     **FLSA Multi-Plaintiff Action**
                                     **JURY DEMANDED**

    Defendants.

---

### PLAINTIFF'S FIRST AMENDED MULTI-PLAINTIFF COMPLAINT

---

Named Plaintiff, Jerrelle Williams ("Plaintiff"), individually, and on behalf of himself and all other similarly situated hourly-paid business systems analysts, brings this Fair Labor Standards Act ("FLSA") multi-plaintiff action against Manpower US, Inc., d/b/a Experis US, Inc., and First-Citizens Bank & Trust Company ("Defendants"), and states as follows:

### I.   INTRODUCTION

1. This lawsuit is brought against Defendants as a multi-plaintiff action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated hourly-paid business systems analysts as defined herein.

2. Defendants violated the FLSA by failing to pay Plaintiff and those similarly situated for

1

       all hours worked over forty (40) per week within weekly pay periods at one and one-half times their regular hourly rate of pay, as required by the FLSA

3. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b).

## II.      PARTIES

4. Defendant, Manpower US, Inc., d/b/a Experis US, Inc., is a Delaware corporation with its offices located at 100 Manpower Place, Milwaukee, Wisconsin 53212. Defendant Manpower US, Inc.'s registered agent for service of process is C T Corporation, 300 Montvue Rd., Knoxville 37919-5546.

5. Defendant, First-Citizens Bank & Trust Company is a North Carolina corporation with its offices located at 4300 Six Forks Rd # FCC22, Raleigh, NC 27609. Defendant First-Citizens Bank & Trust Company's registered agent for service of process is C T Corporation, 300 Montvue Rd., Knoxville 37919-5546.

6. Manpower US, Inc., d/b/a Experis US, Inc., and First-Citizens Bank & Trust Company are joint employers of Plaintiff and those similarly situated.

7. Defendants constitute an integrated enterprise as that term is defined by the FLSA.

8. Plaintiff, Jerrelle Williams, was employed by Defendants as an hourly-paid business systems analyst during all times material to this action. Plaintiff Williams' consent to join form is attached as *Exhibit A*.

## III.      JURISDICTION AND VENUE

9. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq*.

10. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and (c) because Plaintiff was

employed by and performed work for Defendants in this district during all times material to this action. In addition, Defendants have conducted business in the district during all times material.

### IV. COVERAGE

11. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of 29 U.S.C. § 203(d).

12. Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) during all times material to this action.

13. During all times material, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. Plaintiff and similarly situated hourly-paid business systems analysts of Defendants were engaged in commerce during all times material to this action.

15. At all times material to this action, Defendants have been the "employer" of Plaintiff and those similarly situated, as that term is defined by §203(d) of the FLSA.

16. Plaintiff and those similarly situated have been "employees" of Defendants as that term is defined in the FLSA and, individual employees have engaged in commerce or in the production of goods for commerce, as required by 29 U.S.C. §§ 206– 207 during all times

material to this action.

## V. FACTUAL ALLEGATIONS

17. Defendant, Manpower US Inc., d/b/a Experis US, Inc., is a staffing company that provides IT and other services to clients, nationwide.

18. Defendant, First-Citizens Bank & Trust Company, contracted with Manpower US, Inc. Experis US, Inc. to perform some, if not all, of its digital IT needs during all times material herein.

19. Plaintiff and others similarly situated signed employment contract assignments with Experis US, Inc. to perform IT services for First-Citizens Bank & Trust Company.

20. Defendants jointly established and administered the pay practices related to Plaintiff and those similarly situated during the three years by their actions, preceding the filing of this action.

21. More specifically, Defendant First-Citizens Bank & Trust Company, determined and approved the overtime hours of Plaintiff and those similarly situated, as addressed below.

22. Plaintiff and those similarly situated performed more than 40 hours of work per week for Defendant within weekly pay periods during the three (3) years preceding the filing of the original Complaint.

23. Plaintiff and those similarly situated were not paid for their work hours in excess of 40 hours per week within weekly pay periods at the applicable FLSA overtime rates of pay during the three (3) years preceding the filing of this action.

24. Defendant First-Citizens Bank & Trust Company, were a joint employer of Plaintiff and those similarly situated, and an integrated enterprise with Manpower US, Inc., d/b/a Experis U S, Inc., relative to Plaintiff and those similarly situated because, *inter alia*:

(a) First-Citizens Bank & Trust Company determined the hours of work and the time of day during which Plaintiff and those similarly situated were to perform their work duties;

(b) First-Citizens Bank & Trust Company solely and exclusively assigned the daily work activities and duties to be performed by Plaintiffs and those similarly situated.

(c) First-Citizens Bank & Trust Company solely and exclusively directed and supervised the daily work activities of Plaintiff and those similarly situated;

(d) First-Citizens Bank & Trust Company determined the means and methods by which Plaintiff and those similarly situated performed their daily work activities and duties;

(e) First-Citizens Bank & Trust Company provided the computers, telephones, and other related equipment to Plaintiff and those similarly situated that Plaintiff and those similarly situated used in performing their daily work duties;

(f) First-Citizens Bank & Trust Company determined who would be "on call" among Plaintiff and those similarly situated and the weeks within each month during which they individually would be "on call" time.

(g) First-Citizens Bank & Trust Company had the authority and exercised the authority to terminate the employment of Plaintiff and those similarly situated. (First-Citizens Bank & Trust Company did terminate Plaintiff Williams' employment with Defendants, as addressed hereinafter.)

(h) Defendant, Manpower US, Inc., d/b/a Experis US, Inc., was only involved in the employment activities of Plaintiff and those similarly situated by paying their wages and related payroll items.

25. First-Citizens Bank & Trust Company's supervisors and managers directed Plaintiff and

those similarly situated to perform all the work necessary to get their jobs done each day, even if it required more than 40 hours per week.

26. First-Citizens Bank & Trust Company's supervisors and managers then directed Plaintiff and those similarly situated not to report or count any such overtime within a given weekly pay period but, instead, take "comp" time the following week to such an extent there would be no overtime shown within any weekly pay period in order to comply with Defendants' "no overtime policy - unless approved" policy.

27. However, Plaintiff and those similarly situated were not able to take any "comp" time in such following weeks because it was necessary to work 40 hours or more each week in order to completely and satisfactorily meet the work demands of Defendants.

28. The FLSA overtime requirements for the banking industry require all overtime hours to be paid within the weekly pay period in which they are earned and cannot be "spread" in to future weekly pay periods.

29. Therefore, Defendants' "spreading of wages" policy and practice violates the FLSA.

30. In addition, Plaintiff and those similarly situated were assigned "on-call" duty by Defendants during weekly pay periods during all times material herein without being compensated at the applicable FLSA straight time and overtime compensation rates of pay for such weekly "on call" hours.

31. Specifically, Plaintiff and those similarly situated were required to respond within 15 minutes to each "on call". If they failed to respond timely, they were subject to disciplinary action.

32. As a result, Plaintiff and those similarly situated had no freedom to carry on with their regular life activities while on "on call" status. (They did not have sufficient time to attend

church services, sporting events, movies, or concerts, or to visit family members and friends during their "on call" time.)

33. Plaintiff and those similarly situated performed the "on call" times assigned to them but were not compensated for their "on call" overtime at one and one-half times their regular hourly rates of pay within weekly pay periods during all times material.

34. On information and belief, First-Citizens Bank & Trust Company automatically deducted one hour of pay from the compensation of Plaintiff and those similarly situated for a one-hour meal break each shift, irrespective of whether such break was taken or not

35. Due to the workload and demands of Plaintiff and those similarly situated, they were not able to take an hour out of their work activities for a one-hour meal break each shift within weekly pay periods during all times material.

36. Defendants are liable to Plaintiff and those similarly situated for such one-hour meal break times in which they could not take meal breaks within weekly pay periods during all times material.

37. Defendants knew and were aware they were not compensating Plaintiff and those similarly situated for the overtime pay due them within weekly pay periods at the applicable FLSA overtime compensation rates of pay during all times material to this action.

38. The aforementioned unpaid overtime claims of Plaintiff and those similarly situated are unified through common theories of Defendants' FLSA violations.

39. Defendants failed to keep accurate records of the work time of Plaintiffs and those similarly situated within weekly pay periods during all times material.

40. Defendants' common policy and practice of not compensating Plaintiff and those similarly situated for all their compensable overtime hours at the applicable FLSA overtime rates of

pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

41. Defendants' failure to pay Plaintiff and those similarly situated for all their overtime hours within weekly pay periods during all times material was willful with reckless disregard to the FLSA overtime compensation requirements and, without a good faith basis.

42. As a result of Defendants' lack of a good faith basis and willful failure to pay Plaintiff and those similarly situated in compliance with the requirements of the FLSA, they have suffered lost wages in terms of lost overtime compensation as well as other damages.

43. Defendants' scheme of failing to pay Plaintiff and those similarly situated one-and-one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during all times material to this multi-plaintiff action was to unjustly enrich itself and enjoy ill-gained profits at the expense of Plaintiff and those similarly situated.

## VI. FLSA SIMILARLY SITUATED ALLEGATIONS

44. Plaintiff brings this case as a multi-plaintiff action on behalf of himself and potential plaintiffs pursuant to 29 U.S.C. § 216(b) to recover from Defendants unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other related damages.

45. Plaintiff brings this action on behalf of the following similarly situated persons:

> "All current and former hourly-paid business systems analysts of Defendants who have worked for Defendants anywhere in the United States at any time during the applicable limitations period covered by the original Multi-Plaintiff Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are Named Plaintiffs or elect to join this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, 'potential plaintiffs')."

46. Plaintiff and potential plaintiffs are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendants engaged in a common pay policy and practice that resulted in a failure to compensate Plaintiff and potential plaintiffs for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay within weekly pay periods during all times material, as required by the FLSA.

47. This action is properly maintained as a multi-plaintiff action because Plaintiff and those similarly situated were deprived of overtime compensation due to Defendants' common unlawful pay policies and practices.

48. Plaintiff and potential plaintiffs also are similarly situated because their unpaid overtime claims are unified through common theories of Defendants' FLSA violations.

49. The multi-plaintiff action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to potential plaintiffs. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts, and/or substantially impair the ability of plaintiffs to protect their interests.

50. Plaintiff will fairly and adequately protect the interests of potential plaintiffs as his interests are in complete alignment with those similarly situated, i.e. to pursue their aforementioned unpaid overtime compensation claims.

51. Counsel for Plaintiff will adequately protect his interests as well as the interests of all potential plaintiffs.

52. Defendants knew Plaintiff and potential plaintiffs performed compensable overtime work without being compensated for such work at the applicable FLSA overtime compensation

rates of pay within weekly pay periods during all times material.

53. Defendants' conduct, as alleged herein, was willful with reckless disregard to the FLSA overtime requirements - which conduct has caused significant damages to Plaintiff and potential plaintiffs.

54. Defendants did not have a good faith basis for their failure to compensate Plaintiff and potential plaintiffs for all their compensable overtime hours at the FLSA applicable overtime rates of pay within weekly pay periods during all times material to this action.

55. Therefore, Defendants are liable to Plaintiff and potential plaintiffs under the FLSA for failing to properly compensate them for their unpaid overtime.

56. Potential plaintiffs may be informed of the pendency of this action directly via U.S. mail, e-mail, text messaging, and by posting a notice at all of Defendants' offices and posting boards.

57. The unpaid overtime compensation claims of Plaintiff and those similarly situated may be determined partially by an examination of Defendants' payroll, scheduling, timekeeping, personnel, and other such work-related records and documents.

## COUNT I
### (Violation of the Fair Labor Standards Act)

58. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

59. At all times material, Plaintiff and those similarly situated have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

60. Defendants have been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and those similarly situated also have engaged in interstate commerce during all times material to this action.

61. At all times material, Defendants were an "employer" of Plaintiff and those similarly

situated, as such term is defined by the FLSA.

62. Plaintiff and those similarly situated were "employees" of Defendants within the meaning of the FLSA's overtime wage requirements.

63. Plaintiff and potential plaintiffs have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all times relevant, as previously described.

64. As a result of Defendants' common policy and practice of failing to pay Plaintiff and those similarly situated for all their overtime hours per week within weekly pay periods during all times material, they have violated the FLSA.

65. Plaintiff and those similarly situated performed hours in excess of 40 per week within weekly pay periods during all times material without being compensated at the applicable FLSA overtime compensation rates of pay for such overtime hours – as previously described.

66. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

67. Through its common actions, policies, and practices, Defendants have violated the FLSA by failing to compensate Plaintiff and those similarly situated for all hours worked in excess of forty (40) per week at one and one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint.

68. Defendants' actions were willful with reckless disregard to clearly established FLSA provisions.

69. Defendants do not have a good faith basis for their conduct.

70. The unpaid overtime claims of Plaintiff and those similarly situated are unified through common theories of Defendants' FLSA violations.

71. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and those similarly situated have suffered and will continue to suffer a loss of income and other damages.

72. Therefore, Defendants are liable to Plaintiff and those similarly situated for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## COUNT II
## PLAINTIFF JERRELLE WILLIAMS' FLSA RETALIATION CLAIM

73. Plaintiff Williams incorporates by reference all preceding paragraphs as fully as written herein.

74. Plaintiff Williams was unlawfully terminated from his employment with Defendants in retaliation for voicing the concerns of himself and those similarly situated for Defendants' failure to pay overtime compensation for hours worked over 40 per week, including "on call" time, to a management member of First-Citizens Bank & Trust Company.

75. Within the same discussion with the management member of First-Citizens Bank & Trust Company about unpaid overtime, Plaintiff Williams' employment with Defendants was terminated.

76. Voicing concerns about not receiving overtime compensation is a protected activity under 29 U.S.C. § 215(a)(3).

77. Defendants violated 29 U.S.C. § 215(a)(3) by terminating Plaintiff Wiliams' employment

12

in retaliation for engaging in activity protected under the FLSA.

78. Defendants had no other basis to terminate Plaintiff Williams' employment but for exercising his protected rights under 29 U.S.C. § 215(a)(3).

79. When Plaintiff Willaims inquired about the reason for his termination, he was told he was terminated for not being a "team player" (This simply meant he was not a "team player" because of voicing his concern about not being paid overtime for hours over 40 per week.)

80. Plaintiff Wiliams' termination was causally connected to his protected activity in that he was discharged from his employment immediately after voicing his concern about overtime pay.

81. Defendants were aware of Plaintiff Williams' protected activity before terminating his employment.

82. As a result of his unlawful termination Plaintiff Williams has suffered monetary damages (lost wages, both present and future), compensatory damages (emotional distress, loss of reputation, etc.), and other legal and equitable damages.

83. Defendants' conduct in terminating Plaintiff Williams was willful and in reckless disregard to clearly established FLSA provisions.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and those similarly situated request the Court to enter judgment in their favor on this Complaint and:

a) Promptly facilitate notice to potential plaintiffs under 29 U.S.C. § 216(b), apprising them of the pendency of this action and permitting them to assert timely FLSA claims by filing individual consents to join this action under said 29 U.S.C. § 216(b);

b) On Count I, award Plaintiff and potential plaintiffs who join this action FLSA statutory

damages against Defendants;

c) On Count I, award Plaintiff and potential plaintiffs who join this action all unpaid overtime compensation against Defendants;

d) On Count I, award Plaintiff and potential plaintiffs who join this action for an amount equal to their unpaid overtime compensation, pursuant to the applicable FLSA wage and overtime rates;

e) On Count I, award Plaintiff and potential plaintiffs who join this action liquidated damages in accordance with the FLSA;

f) On Count I, award prejudgment interest (to the extent that liquidated damages are not awarded);

g) On Count I, award Plaintiff and potential plaintiffs who join this action reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

h) On Count I, award post-judgment interest and court costs as allowed by law;

i) On Count II, a ruling that Plaintiff Williams was unlawfully terminated from his employment in violation of 29 U.S.C. § 215(a)(3).

j) On Count II, an award of legal and equitable damages to Plaintiff Williams for being unlawfully terminated from his employment in violation of 29 U.S.C. § 215(a)(3), including compensatory damages for severe emotional stress, etc.

k) On Count II, an award of liquidated damages to Plaintiff Williams for being unlawfully terminated from his employment in violation of 29 U.S.C. § 215(a)(3).

l) On Count II, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff Williams;

m) Find and declare that Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

n) Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered;

o) Provide additional general and equitable relief to which Plaintiff and potential plaintiffs who join this action may be entitled; and

p) Provide further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: April 10, 2024.    Respectfully Submitted,

*s/J.Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490)
Joshua Autry (TN BPR #041423)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jleatherwood@jsyc.com*
*jautry@jsyc.com*

*ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document was filed electronically on this the 10th day of April 2024. Notice of this filing will be sent by operation of the Court's electronic filing systems to all parties indicated on the electronic filing receipt and below. Parties may access this filing through the Court's electronic filing system. All other parties will be served via U.S. Mail.

                                                   *s/ J. Russ Bryant*